```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED: _6/30/2023_
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| COLIN S.K. CORREA,<br><br>                              Plaintiff,<br><br>-against-<br><br>ROBIN CARNAHAN, ADMINISTRATOR, U.S. GENERAL SERVICES ADMINISTRATION,<br><br>                              Defendant. | 23-CV-4968 (ALC)<br><br>ORDER OF SERVICE |

**ANDREW L. CARTER, JR., United States District Judge:**

Plaintiff brings this *pro se* action under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 1981, the Age Discrimination in Employment Act of 1967 ("ADEA"), and the New York State Human Rights Law ("NYSHRL"), alleging that his employer discriminated against him based on his race, color, sex, national origin, and age. By order dated June 21, 2023, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the reasons set forth below, the Court dismisses Plaintiff's claims under Section 1981 and the NYSHRL, and directs service on Defendant.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims]

that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## DISCUSSION

**A.     Claims under 42 U.S.C. § 1981 and the NYSHRL**

Section 1981(a) states: "All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts . . . as is enjoyed by white citizens." An amendment to Section 1981 clarifies that "[t]he rights protected by this section are protected against impairment by nongovernmental discrimination and impairment under color of State law." 42 U.S.C. § 1981(c). "[T]he phrase 'under color of state law' as used in [§ 1981 and] related civil rights statutes . . . [applies] only to state actors, not federal officials." *Dotson v. Griesa*, 398 F.3d 156, 162 (2d Cir. 2005). Plaintiff therefore cannot state a claim under Section 1981 for employment discrimination against the federal defendants he sues.

Relief under the NYSHRL, which is a New York state statute is also unavailable to persons asserting claims of discrimination arising from federal employment. *See, e.g.*, *Rivera v. Heyman*, 157 F.3d 101, 105 (2d Cir. 1998); *Song v. Becerra*, No. 22-CV-9678, 2022 WL 17618485, at *1 (S.D.N.Y. Dec. 13, 2022).

The Court therefore dismisses Plaintiff's claims under Section 1981 and the NYSHRL for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**B.     Service on Defendant**

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service.[1] *Walker v. Schult*, 717 F.3d. 119, 123 n.6

---

[1] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served the summons and the complaint until the Court reviewed the

(2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP).

To allow Plaintiff to effect service on Defendant Robin Carnahan through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for this defendant. The Clerk of Court is further instructed (1) mark the box on the USM-285 form labeled "Check for service on U.S.A.," (2) issue a summons for Carnahan, and (3) deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon this defendant.

If the complaint is not served within 90 days after the date the summons is issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## CONCLUSION

The Court dismisses Plaintiff's claims under Section 1981 and the NYSHRL for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

The Clerk of Court is instructed to (1) issue a summons for Carnahan; (2) complete the USM-285 form with the address for this defendant; (3) mark the box on the USM-285 forms labeled "Check for service on U.S.A."; and (4) deliver to the U.S. Marshals Service all documents necessary to effect service on the defendant.

---

complaint and ordered that the summons be issued. The Court therefore extends the time to serve until 90 days after the date the summons is issued.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Clerk of Court is further instructed to send an information package to Plaintiff.

**SO ORDERED.**

**Dated:**
    **New York, New York**
    **June 30, 2023**

                              **ANDREW L. CARTER, JR.**
                              **United States District Judge**

## DEFENDANT AND SERVICE ADDRESS

Robin Carnahan
Administrator
General Services Administration
1800 F Street, N.W.
Washington, D.C. 20405-0002